IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

ELMER JURL CONNELLY,            )
                                )
                Plaintiff,      )
                                )
vs.                             )   No. 06-5129-CV-SW-FJG
                                )
H.O. WOLDING, INC.,             )
                                )
                Defendant.      )
                                )

# ORDER

Pending before the Court is Defendant's Motion for Judgment on the Pleadings (Doc. No. 12) to dismiss plaintiff's claims of negligent entrustment, negligent hiring, and negligent training and Plaintiff's motion to enforce discovery (Doc. No. 13). Each motion will be considered below.

**I. Background**

This is a personal injury case. Plaintiff alleges that she was injured in an automobile wreck that occurred on February 21, 2006. Plaintiff claims that Keen P. Young ("Mr. Young"), an employee of defendant, was operating a tractor-trailer owned by defendant when Mr. Young's tractor-trailer collided with the rear of plaintiff's milk truck. Plaintiff states that the collision caused his milk truck to overturn and roll off the highway, thereby causing him severe injuries. Plaintiff brought a two-count petition[1].

---

[1] As this case was originally filed in state court and later removed to federal court, the original pleading in this case is entitled "Petition."

Count I alleges negligence and asserts theories of vicarious liability/respondeat superior against defendant. Count II alleges negligence per se against defendant.

## II. Standard

When considering a motion for judgment on the pleadings under Fed. R. Civ. P. 12(c), the Court "accept[s] as true all facts pleaded by the non-moving party and grant[s] all reasonable inferences from the pleadings in favor of the non-moving party. Judgment on the pleadings is not properly granted unless the moving party has clearly established that no material issue of fact remains to be resolved and the party is entitled to judgment as a matter of law." U.S. v. Any and all Radio Station Transmission Equipment, 207 F.3d 458, 462 (8th Cir. 2000)(citing Fed. R. Civ. P. 12(c)).

## III. Analysis

**Defendant's Motion for Judgment on the Pleadings**

In defendant's answer to plaintiff's petition, defendant admits that Mr. Young was acting within the course and scope of his employment with H.O. Wolding, Inc. at the time of the collision. See Doc. No. 3, ¶¶ 3, 9, and 12. Defendant also "admits that Mr. Young was negligent in that he failed to keep a careful lookout." Id. at ¶9. Defendant states that since it has admitted an agency relationship exists between it and Mr. Young (which would establish vicarious liability for H.O. Wolding as to any acts of negligence committed by Mr. Young), it would be improper under Missouri law to allow plaintiff to continue to proceed on claims of negligent entrustment, negligent hiring, and negligent training in addition to vicarious liability.

Defendant refers the Court to McHaffie v. Bunch, 891 S.W.2d 822 (Mo. banc

1995), in which the Missouri Supreme Court agreed with the majority view that "once an employer has admitted respondeat superior liability for a driver's negligence, it is improper to allow a plaintiff to proceed against an employer on any other theory of imputed liability." Id. at 826. The Court reasoned:

> If all of the theories for attaching liability to one person for the negligence of another were recognized and all pleaded in one case where the imputation of negligence is admitted, the evidence laboriously submitted to establish other theories serves no real purpose. The energy and time of courts and litigants is unnecessarily expended. In addition, potentially inflammatory evidence comes into the record which is irrelevant to any contested issue in the case.

Id. (citations omitted). Additionally, the Court found, "[o]nce vicarious liability for negligence is admitted under respondeat superior, the person to whom negligence is imputed becomes strictly liable to the third party for damages attributable to the conduct of the person from whom negligence is imputed. The liability of the employer is fixed by the amount of liability of the employee." Id.

Defendant argues that the underlying facts of McHaffie are similar to those in the present matter. Both cases involved collisions between a motor vehicle driven by plaintiff and a truck driven by defendant's employee. At trial in McHaffie, claims for negligent hiring and respondeat superior were submitted to the jury, even though the defendant trucking company had admitted the agency relationship between its employee. See id. at 825. The Missouri Supreme Court found that submitting both theories to the jury was in error. See id. at 827.

Defendant also correctly notes that this Court has followed the logic of McHaffie to dismiss other imputed liability claims. In Hoch v. John Christner Trucking, Inc., 2005 WL 2656958 (W.D. Mo. 2005), this Court granted defendant's motion for judgment on

3

the pleadings and dismissed plaintiff's claims of negligent entrustment, negligent hiring, and negligent training because defendant had admitted vicarious liability. See also Brown v. Larabee, 2005 WL 1719908 (W.D. Mo. 2005)(J. Sachs)(dismissing injured driver's claims for negligent hiring/retention/training against employer who admitted in its answer that its employee truck driver was acting within the course and scope of his agency with employer at the time of the accident); Young v. Dunlap, 223 F.R.D. 520 (E.D. Mo. 2004) (reaching the same result as Brown). Therefore, defendant states that plaintiff's claims of negligent entrustment, negligent hiring, and negligent training should be dismissed.

Plaintiff responds that defendant's motion should be denied because McHaffie sets out a clear exception to the general rule. Plaintiff argues that Missouri law as well as other jurisdictions allow a party to assert additional theories of imputed liability where the plaintiff alleges punitive damages. In arguing that such an exception exists under Missouri law, plaintiff relies on the following language from McHaffie:

> Having said that, it may be possible that an employer or entrustor may be held liable on a theory of negligence that does not derive from and is not dependent on the negligence of an entrustee or employee. In addition, it is also possible that an employer or an entrustor may be liable for punitive damages which would not be assessed against the employee/entrustee ... However, none of those circumstances exist here. Those issues await another day. 891 S.W.2d at 826.

The Court disagrees that the above language from McHaffie sets out a clear exception. In fact, it is clear that the above language was not a part of the Court's holding in McHaffie. It is apparent that the Court did not resolve the issue of punitive damages when it stated "[t]hose issues await another day." Id. Plaintiff correctly notes that other jurisdictions have recognized an exception for punitive damages. See Clooney v.

4

Geeting, 32 So.2d 1216, 1220 (Fla. App. 1977); Scroggins v. Yellow Freight Systems, Inc., 98 F. Supp. 2d 928 (E.D. Tenn. 2000) (applying Georgia law and stating that Georgia has one limited exception to the general rule where plaintiff has a valid claim for punitive damages).  However, Missouri has yet to recognize such an exception. Thus, the general rule in Missouri remains–plaintiff cannot assert additional theories of imputed liability when defendant has admitted respondeat superior liability.  See McHaffie, 891 S.W.2d at 826.  The Court is aware that some of the evidence plaintiff would seek in support of any additional theories of imputed liability may also be necessary to prove plaintiff's claim for punitive damages.  Thus, plaintiff is allowed to conduct discovery to the extent needed to prove his punitive damages, but plaintiff is foreclosed from conducting discovery to prove additional theories of imputed liability.

Therefore, to the extent plaintiff's Petition sets out claims for negligent entrustment, negligent hiring, and negligent training[2], defendant's motion for judgment on the pleadings (Doc. No. 12) is **GRANTED**.

**Plaintiff's Motion to Enforce Discovery**

Plaintiff requests that this Court order defendant to comply with discovery. Plaintiff submitted an informal list of documents to defendant asking defendant to produce these documents at the parties' Rule 26 meeting.  Defendant did not respond

---

[2]The Court recognizes that plaintiff does not explicitly assert claims of negligent entrustment/hiring/training in his Petition.  Plaintiff only explicitly asserts claims of negligence and negligence per se.  Defendant argues in its brief that Paragraphs 12-17 in Count I and paragraph 21 in Count II of plaintiff's Petition are plaintiff's attempt to plead claims of negligent entrustment/hiring/training.  Plaintiff did not disagree with defendant's characterization in his response (Doc. No. 13) and argued that he should be allowed to plead these latter claims.

5

to plaintiff's discovery requests because: (1) defendant states it is under no duty to comply with informal document requests under Rule 26 unless it plans on using the requested documents to support its defenses, and (2) defendant argues that once it admitted vicarious liability, expansive discovery was unnecessary. Defendant identified all appropriate parties and documents to be used in support of its claims or defenses in its Initial Disclosures to plaintiff (Doc. No. 18-6). Rule 26 only requires the initial disclosure of the name of individuals and documents that the disclosing party may use to support its claims or defenses. Fed. R. Civ. P. 26(a)(1)(A) and (B). Thus, defendant complied with its Rule 26 requirements.

Plaintiff replies that such discovery is necessary to support his claim for punitive damages. The Court agrees that plaintiff's informal document requests to defendant may later be necessary to prove his claim of punitive damages, but are not required under Rule 26 initial disclosures. If plaintiff later files a Request for Production of Documents and defendant refuses to produce such documents, plaintiff may then ask the Court to enforce discovery. Enforcing discovery at this stage is unnecessary when defendant has thus far satisfied its discovery obligations. However, the Court cautions that to the extent plaintiff seeks discovery to prove his compensatory and punitive damages, defendant must comply with plaintiff's requests. Therefore, for the foregoing reasons, plaintiff's motion to enforce discovery is **DENIED**.

**IT IS SO ORDERED.**

Date:  3/1/07   
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge