IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION

| | |
|---|---|
| ELMER JURL CONNELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 06-5129-CV-SW-FJG |
| H.O. WOLDING, INC., | ) ) ) |
| Defendant. | ) |

## ORDER

Currently pending before the Court is Defendant's Motion to Dismiss Plaintiff's Action or, Alternatively, for Dismissal of Claims Relating to Post Accident Wage Loss or Loss of Earning Capacity (Doc. No. 30) and Plaintiff's Motion to Voluntarily Dismiss Wage Loss Claims (Doc. No. 37). The Court will consider each motion below.

The issues involved in the above pending motions concerns a previous discovery dispute in this case. The Court held a discovery dispute teleconference on May 24, 2007 concerning plaintiff's refusal to produce his tax returns to defendant. Defendant had requested plaintiff's income tax returns for the past five years before plaintiff's accident in its discovery requests. Defendant stated these tax returns are relevant because it would bear directly on the issue of plaintiff's claim that he lost income and profit for his business of transporting milk. Plaintiff believed the production of his tax returns were unnecessary because plaintiff was only claiming lost income from milk hauling and not from his farming operation. In resolving this dispute, the Court entered an Order on May 25, 2007 (Doc. No. 26) requiring plaintiff to produce his tax returns for the past five years. However, plaintiff

did not produce these tax returns per the Court's Order. Because plaintiff did not produce the tax returns, defendant states there is no evidence of plaintiff's claims for lost income and loss of earning capacity. Thus, defendant seeks to prohibit plaintiff from introducing evidence or making an argument in favor of such claims at trial or to dismiss the action with prejudice for failure to comply with a Court Order per Fed. R. Civ. P. 41(b).

Plaintiff responded that he did not disobey a Court order, rather he is simply dismissing his wage loss claims which makes the production of the income tax returns moot and unnecessary. Plaintiff stated in his response that "[h]ad [he] known he would be required to produce the income tax returns, he would have never made the wage loss claim in the first place." Plaintiff does not believe dismissal of the entire action is appropriate when plaintiff is willing to voluntarily dismiss his wage loss claims.

Plaintiff's reasons for dismissing his wage loss claims are because (1) plaintiff believes the intricate and difficult explanation concerning his actual wage loss from the income tax returns would be too complicated for the jury; (2) plaintiff is a very private person and believes in the constitutional right to privacy; and (3) plaintiff wishes to focus on the claims pertaining to his personal injuries.

Plaintiff further stated that plaintiff's counsel sought defendant's agreement to dismiss such claims pursuant to Rule 41(a)(1), but defendant refused to stipulate to the dismissal.

The Court agrees with plaintiff that dismissal of the entire action is not appropriate in this case. The Court finds that the proper remedy for plaintiff's failure to produce his tax returns pursuant to the Court's order is to allow plaintiff to dismiss his wage loss claims and to also prohibit plaintiff from introducing evidence or making an argument in favor of wage

loss claims at trial. Because plaintiff produced no evidence to defendant to support his wage loss claims, he is prevented from asserting any such claims in this case. Thus, defendant's motion is denied as to dismissal of this action, but granted as to dismissal of plaintiff's claims relating to post accident wage loss or loss of earning capacity. Therefore, defendant's motion to dismiss (Doc. No. 30) is **DENIED IN PART, GRANTED IN PART** and plaintiff's motion to voluntarily dismiss wage loss claims (Doc. No. 37) is **GRANTED**.

**IT IS SO ORDERED.**

Date:  8/21/07
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge