# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF MISSOURI
## SOUTHWESTERN DIVISION

| | |
|---|---|
| ELMER JURL CONNELLY,           ) | |
|         ) | |
|       Plaintiff,    ) | |
|         ) | |
| vs.         ) | No. 06-5129-CV-SW-FJG |
|         ) | |
| H.O. WOLDING, INC.,       ) | |
|         ) | |
|       Defendant.    ) | |

## ORDER

Currently pending before the Court is Defendant's Motion to Strike Plaintiff's Rebuttal Affidavit (Doc. No. 46).

## I.    Background

This is a personal injury case. Plaintiff alleges that he was injured in an automobile wreck that occurred on February 21, 2006. Plaintiff claims that Keen P. Young ("Mr. Young"), an employee of defendant, was operating a tractor-trailer owned by defendant when Mr. Young's tractor-trailer collided with the rear of plaintiff's milk truck. Plaintiff states that the collision caused his milk truck to overturn and roll off the highway, thereby causing him severe injuries. Plaintiff brought a two-count petition. Count I alleges negligence and asserts theories of vicarious liability/respondeat superior against defendant. Count II alleges negligence per se against defendant.

### II.    Standard of Review

In <u>Daubert v. Merrell Dow Pharmaceuticals, Inc.</u>, 509 U.S. 579 (1993), the Supreme Court interpreted the requirements of Federal Rule of Evidence 702 as they related to expert testimony. In <u>United States v. Vesey</u>, 338 F.3d 913, 916-17 (8th Cir. 2003), <u>cert.</u>

denied, 540 U.S. 1202 (2004), the Court stated:

> Rule 702 requires the trial judge to act as a "gatekeeper," admitting expert testimony only if it is both relevant and reliable. See Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993). The trial court is granted broad discretion in its determination of reliability. Kumho Tire Co. v. Carmichael, 526 U.S. 137, 142, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999). The gatekeeper role should not, however, invade the province of the jury, whose job it is to decide issues of credibility and to determine the weight that should be accorded evidence, see Arkwright Mut. Ins. Co. V. Gwinner Oil Co., 125 F.3d 1176, 1183 (8th Cir. 1997). Expert testimony should be admitted if [1] it is based on sufficient facts, [2] it " is the product of reliable principles and methods," and [3] "the witness has applied the principles and methods reliably to the facts of the case." Fed. R. Evid. 702; see also General Elec. Co. v. Joiner, 522 U.S. 136, 146, 118 S.Ct. 512, 139 L.Ed.2d 508 (1997).

Vesey, 338 F.3d at 916-17.

## III. Analysis

Under Fed. R. Civ. P. 26(a)(2)(B), a report disclosing expert testimony must contain:

> [A] complete statement of all opinions to be expressed and the basis and reasons therefor; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinions; the qualifications of the witness, including a list of all publications authored by the witness within the preceding ten years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the preceding four years.

Defendant's motion seeks to strike the rebuttal affidavit (Doc. No. 36) of Harold Fugate ("Mr. Fugate") because it fails to comply with Fed. R. Civ. P. 26 and the Court's Scheduling Order. Pursuant to the Court's Scheduling Order (Doc. No. 15), plaintiff had until May 14, 2007 to submit his expert witness affidavits and until July 15, 2007 to submit rebuttal affidavits. Defendant also argues the affidavit should be stricken because it employs an improper measure of damages. The expert affidavits relevant to this motion, defendant's affidavit, William P. Crooks ("Mr. Crooks"), and plaintiff's rebuttal affidavit, Mr.

2

Fugate, concern the issue of property damages in this case. The reports discuss the value of plaintiff's milk truck which was damaged in the accident. On June 14, 2007, defendant made its expert disclosures and filed the affidavit of Mr. Crooks. In his affidavit, Mr. Crooks assigned $5,000 as the fair market value for plaintiff's milk truck and stated that there are no current available book values for the milk truck given its age. On June 25, 2007, plaintiff filed the rebuttal affidavit of Harold Fugate, who routinely buys and sells used trucks. Mr. Fugate's affidavit states the following: plaintiff's Ford truck was well-maintained and in very good condition prior to the accident; there are no Ford trucks in similar condition available to replace plaintiff's truck; and the only replacements are newer models that would likely cost at least $20,000.00.

First, defendant argues plaintiff's rebuttal affidavit fails to comply with Rule 26 because it contains no information regarding any publications or prior testimony and the report states nothing regarding compensation to be paid for Fugate's study and testimony.

Plaintiff responds that Mr. Fugate's opinion does not contain information regarding publications or trial testimony because he has had no such experience. Plaintiff further states that the affidavit did not contain information regarding compensation to be paid because there was none. Plaintiff offered to amend the report to confirm the absence of this information.

Second, defendant contends plaintiff's expert affidavit fails to comply with the Court's Scheduling Order. Defendant argues that Mr. Fugate's opinion is not a rebuttal affidavit. Rather, defendant claims plaintiff labeled its affidavit as a "rebuttal affidavit" in order to circumvent the Court's May 14, 2007 deadline for plaintiff to submit his expert affidavit. Plaintiff's rebuttal affidavit was filed on June 25, 2007. Defendant does not believe that

3

plaintiff's affidavit is a rebuttal affidavit because plaintiff's affidavit goes to an element of proof in plaintiff's case in chief.

Plaintiff responds that both expert opinions, Mr. Crooks and Mr. Fugate, are entirely unnecessary as most jurors are able to determine what the fair market value of a vehicle is, which is why plaintiff did not initially submit an expert affidavit on May 14, 2007. Taking the cautious approach, plaintiff claims he submitted Mr. Fugate's opinion to rebut Mr. Crook's opinion.

Lastly, defendant argues plaintiff's rebuttal affidavit should be stricken because it employs an improper measure of damages. Defendant states that plaintiff's rebuttal affidavit states "the only replacements available are new models that would likely cost at least $20,000." According to defendant, replacement cost is not the proper measure of damages in Missouri. Defendant cites to Randall v. Steelman, 294 S.W. 2d 588, 594 (Mo. App. 1956), where the Court held that the "damage allowable for personal property is the difference between the reasonable market value before it was damaged and the reasonable market value after it was damaged."

Plaintiff responds the replacement cost of the vehicle is discussed in Mr. Fugate's report because this is evidence that could be used by the jury to determine the fair market value of the vehicle. Plaintiff requests in the alternative to allow Mr. Fugate to amend his report so that it includes the fair market value.

The Court finds plaintiff's rebuttal affidavit lacks the specificity required by the Court's Scheduling Order and Rule26(a)(2)(B) and the report should therefore be stricken. The Court's Scheduling Order (Doc. No. 15) clearly states that "[o]ne of the purposes of the expert affidavit is to set forth the substance of a direct examination. If properly done, the

4

expert affidavit should eliminate the need for deposing some experts. Consequently, the **detailed** statements in the affidavit are essential." See Doc. No. 35, ¶7(b)(emphasis added). Based on the Court's review of plaintiff's rebuttal affidavit, the Court concludes it does not provide defendant with the substance of the expert's testimony so that defendant could prepare to meet the testimony at trial. Further, the report is deficient under Rule 26 because it does not contain the following information: (1) the date and information considered by the witness in forming the opinions; (2) all publications authored by the witness; (3) the compensation to be paid for the study and testimony; and (4) a listing of any other cases in which the witness has testified as an expert at trial or by deposition. The Court recognizes that plaintiff did not include Mr. Fugate's publications and rate of compensation because Mr. Fugate has not published any works and he is not being compensated for his testimony. However, plaintiff should have included the absence of such information because Rule 26 requires such level of specificity.

In addition, the Court agrees with defendant that the affidavit is deficient because it employs the improper measure of damages under Missouri law. See Henderson v. Smith, 643 S.W.2d 882, 884 (Mo. App. 1982)(stating that "[t]he proper measure of damages to personal property is the difference between its reasonable market value before the injury and its reasonable market value after the injury."); Orr v. Williams, 379 S.W.2d 181, 190 (Mo. App. 1964). The Court, however, finds defendant's argument that plaintiff has masked its affidavit as a "rebuttal" affidavit in order to circumvent the Court's Scheduling Order unpersuasive. Without more evidence, defendant's contention is mere speculation.

Therefore, because the rebuttal affidavit fails to satisfy the requirements in the

5

Court's Scheduling Order and under Fed. R. Civ. P. 26(a)(2)(B), the Court hereby **STRIKES** plaintiff's rebuttal affidavit (Doc. No. 36) and **GRANTS** defendant's motion to strike (Doc. No. 46).

## IV. Conclusion

For the foregoing reasons, Defendant's Motion to Strike Plaintiff's Rebuttal Affidavit (Doc. No. 46) is **GRANTED**.

**IT IS SO ORDERED.**

Date:    9/18/07                                    **S/ FERNANDO J. GAITAN**, **JR.**
Kansas City, Missouri                          Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge

6