**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | |
|---|---|
| ELMER JURL CONNELLY, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) No. 06-5129-CV-SW-FJG |
| H.O. WOLDING, INC., | ) ) ) |
| Defendant. | ) |

**ORDER**

Currently pending before the Court is Plaintiff's Motion to Strike Defendant's Witness List (Doc. No. 61) and Plaintiff's Motion to Strike Defendant's Exhibit List (Doc. No. 62). Each motion will be considered below.

**I.      Background**

This is a personal injury case. Plaintiff alleges that he was injured in an automobile wreck that occurred on February 21, 2006. Plaintiff claims that Keen P. Young ("Mr. Young"), an employee of defendant, was operating a tractor-trailer owned by defendant when Mr. Young's tractor-trailer collided with the rear of plaintiff's milk truck. Plaintiff states that the collision caused his milk truck to overturn and roll off the highway, thereby causing him severe injuries. Plaintiff brought a two-count petition in the Circuit Court of Barton County, Missouri. Count I alleges negligence against defendant. Count II alleges negligence per se against defendant. On December 15, 2006, defendant removed this matter to this Court (Doc. No. 1).

## II. Discussion

Plaintiff requests that the Court strike witness Cathy Kirsling ("Ms. Kirsling") from defendant's witness list (Doc. No. 58) because Ms. Kirsling was not identified by defendant in pretrial discovery as a potential witness. Plaintiff further requests that the Court strike the following documents from defendant's exhibit list (Doc. No. 57): (1) records showing payment by defendant of plaintiff's medical bills, (2) records showing payment by defendant for plaintiff's truck tank[1], (3) and neurological associates of Joplin records (redacted). Plaintiff states that these documents were not identified by defendant during pretrial discovery.

Defendant responds that plaintiff's assertion is incorrect and defendant had indeed identified Ms. Kirsling during discovery. Defendant states that Ms. Kirsling is defendant's corporate representative and that plaintiff has had notice of this witness through defendant's interrogatories which were answered and prepared by Ms. Kirsling. Defendant also states that Ms. Kirsling was present at the mediation between the parties as defendant's corporate representative.

Further, defendant argues that Ms. Kirsling's testimony is needed so that she may testify at trial about how defendant has handled the payment of plaintiff's medical bills. Plaintiff is seeking payment of his medical bills in addition to damages for pain and suffering. Defendant claims it paid a portion of plaintiff's medical bills. Defendant states it paid the following bills: $17,013.60 on September 11, 2007 to Nevada Regional Medical

---

[1] The Court will not address the issue of records showing payment by defendant for plaintiff's truck tank. Defendant states that it will not be offering evidence showing payment for the truck tank because the truck tank did not belong to plaintiff. Thus, plaintiff's objection to this exhibit is moot.

2

Center; $470.70 on September 12, 2007 to Nevada Imaging; and $637.00 to Dr. Keem on November 1, 2007 (See Defendant's Exhibits 4 and 5 to Doc. No. 66). Since plaintiff refuses to stipulate to these payments, defendant states it is forced to call its corporate representative Ms. Kirsling to testify how these payments were handled.

As to records showing payment of plaintiff's medical bills, defendant responds that it did not have these records in possession until after the close of discovery. Defendant notes that the last bill was paid on November 1, 2007. In addition, defendant asserts that under Mo. Rev. Stat. § 490.715, damages paid by defendant prior to trial may be introduced at trial. Defendant argues that since plaintiff will present evidence of his medical bills at trial, fairness dictates that defendant should be allowed to show the amounts accepted by plaintiff's health care providers in satisfaction of these bills.

On the issue of redacted records from neurological associates of Joplin, defendant states that it is uncertain why plaintiff has objected to these documents because these documents consist of a doctor's report by Dr. Andrew which was produced by plaintiff. Defendant states that it identified plaintiff's medical records during discovery as documents that may be used to support its defenses. Defendant further states that it only included Dr. Andrew's report in its exhibit list to demonstrate that plaintiff had the opportunity to advise a doctor of his alleged shoulder injury but failed to do so. Additionally, defendant states that plaintiff may be objecting to using a redacted verison of Dr. Andrew's report. Defendant states that it seeks to redact the versions of Dr. Andrew's report which discuss plaintiff's inability to work because plaintiff's claims for lost wages were stricken from this case per the Court's August 21, 2007 Order. (Doc. No. 48). Defendant also seeks having this report redacted because Dr. Andrew sets forth conclusions that are not made with a

3

reasonable degree of certainty.

The issue here is whether defendant may present evidence to the jury that it paid plaintiff's medical bills.[2] The Court finds that defendant cannot present such evidence if the source of payment is identified to the jury. Under § 490.710, the introduction into evidence of one party's advance payment of another party's damages is "generally precluded and thus, such evidence should not be brought to the attention of the jury." Ruzicka v. Ryder Student Transportation, 145 S.W.3d 1, 17 (Mo. App. 2004). Further, section 490.715 allows evidence to be introduced that informs the jury that someone other than the plaintiff has paid those amounts as long as the person paying the amounts is not identified. § 490.715(2). If a defendant introduces evidence of payment by some person other than plaintiff, "such introduction shall constitute a waiver of any right to a credit against judgment pursuant to section 490.710." § 490.715(3). Thus, defendant is prohibited under §§490.710 and 490.715 from identifying that it paid the payments to plaintiff's medical providers. See Derossett v. Alton and Southern Ry. Co., 850 S.W.2d 109, 112 (Mo. App. 1993)(holding that the court did not err by refusing to allow defendant to inform the jury that it was the party responsible for the advance payment of respondent's medical bills). Therefore, defendant may, if it so chooses, introduce evidence that someone other than plaintiff paid plaintiff's medical expenses, but defendant would waive its right to receiving a credit against the judgment. The decision to introduce such evidence is up to defendant.

---

[2] Because the Court finds that the primary issue here is whether defendant may present such evidence to the jury, the Court will not address the issue of whether defendant properly identified this evidence during pretrial discovery. Even if defendant properly identified such evidence during discovery, the issue of whether Missouri law permits the identification of the person who paid plaintiff's medical bills would still remain.

Accordingly, defendant is prohibited from presenting the testimony of Ms. Kirsling at trial as this would identify the source of the payment. The Court hereby **GRANTS** plaintiff's motion to strike defendant's witness Ms. Kirsling (but for other reasons that what plaintiff provided to the Court). If defendant chooses to introduce records of payment of medical expenses, defendant shall not identify any person having made such payments. Upon introduction of such evidence, defendant would waive its right to a credit against the judgment. If defendant does not present evidence at trial of any payment of plaintiff's medical expenses, then defendant may seek a credit against the final judgment and present competent evidence of all payments of plaintiff's medical expenses to the Court. See House v. Missouri Pacific Railroad Co., 927 S.W.2d 538, 542 (Mo. App. 1996)(finding that the trial court correctly set off medical expenses paid by defendant where the jury was not informed that someone other than plaintiff paid the expenses). The Court hereby **DENIES** plaintiff's motion to strike defendant's exhibit list regarding the records relating to defendant's payment of plaintiff's medical expenses provided defendant does not identify the source of payment at trial.

As to the issue of Dr. Andrew's redacted report, the Court **PROVISIONALLY DENIES** plaintiff's motion to strike the redacted version of this report. The admission of Dr. Andrew's redacted report is subject to defendant's objections at trial.

### III.    Conclusion

For the foregoing reasons, Plaintiff's Motion to Strike Defendant's Witness List (Doc. No. 61) is **GRANTED** and Plaintiff's Motion to Strike Defendant's Exhibit List (Doc. No. 62) is **DENIED** as to the records relating to defendant's payment of plaintiff's medical expenses

5

provided defendant does not identify the source of payment at trial.  However, the Court

**PROVISIONALLY DENIES** plaintiff's motion to strike the redacted report of Dr. Andrew.

Defendant may renew its objections regarding Dr. Andrew's redacted report at trial.

    **IT IS SO ORDERED.**


Date:  1/14/08                                  **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                    Fernando J. Gaitan, Jr.
                                                  Chief United States District Judge