**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI
SOUTHWESTERN DIVISION**

| | | |
|---|---|---|
| ELMER JURL CONNELLY, ) | | |
| Plaintiff, ) | | |
| ) | | |
| vs. ) | No. 06-5129-CV-SW-FJG | |
| ) | | |
| H.O. WOLDING, INC., ) | | |
| Defendant. ) | | |

**ORDER**

Currently pending before the Court is Plaintiff's Motion in Limine (Doc. No. 73) and Defendant's Motion in Limine (Doc. No. 74). Each motion will be considered below.

**Plaintiff's Motion in Limine (Doc. No. 73)**

1. That Defendant not be allowed to introduce any evidence or make any mention that Plaintiff Elmer Jurl Connelly had any insurance, Medicare, or Medicaid, which paid all, or part of the medical expenses incurred to date.

 No opposition.

 **Ruling:** This motion is **GRANTED**.

2. That Defendant not be allowed to introduce any evidence or make any mention that any of plaintiff Elmer Jurl Connelly's medical bills have been paid by any collateral source.

 Defendant has no objection to plaintiff's motion regarding payments made on his behalf by collateral sources. However, defendant intends to present evidence that it paid many of plaintiff's medical bills.

 **Ruling:** This motion is **GRANTED in part, DENIED in part**. The Court refers defendant to the Court's January 14, 2008 Order (Doc. No. 81) in which the Court ruled that defendant could not provide evidence relating to its payment of plaintiff's medical expenses if defendant identifies the source of payment at trial. Under § 490.715(2), evidence may

be introduced that informs the jury that someone other than the plaintiff has paid those amounts as long as the person paying the amounts is not identified. § 490.715(2). If a defendant introduces evidence of payment by some person other than plaintiff, "such introduction shall constitute a waiver of any right to a credit against judgment pursuant to section 490.710." § 490.715(3). The decision to introduce such evidence is up to defendant. Therefore, to the extent that defendant seeks to introduce evidence at trial that someone other than plaintiff paid plaintiff's medical bills, plaintiff's motion is DENIED. However, to the extent, defendant seeks to introduce evidence at trial that defendant H.O. Wolding paid plaintiff's medical bills, plaintiff's motion is GRANTED.

3. That Defendant not be allowed to introduce evidence or make any mention as to when or under what circumstances plaintiff retained counsel.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

4. That Defendant not be allowed to introduce any evidence that the Plaintiff Elmer Jurl Connelly has suffered from any medical conditions that are unrelated to the body parts for which he claims injury in this case.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

5. That Defendant not be allowed to introduce any evidence or argue or suggest to the jury anything about the future disposition of the jury award. It would be improper to argue or to suggest that anyone is going to be personally liable for a judgment.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

6. That Defendant not be allowed to introduce any evidence or make any mention as to the financial status of Defendant and, especially, any reference to Defendant having to personally pay any judgment awarded by the jury. This specifically

2

includes any reference to Defendant being liable or responsible for any judgment.

No opposition.

**Ruling:** This motion is **GRANTED**.

7. That there be no evidence, mention, or argument concerning the fact that Plaintiff Elmer Jurl Connelly was or was not wearing a safety belt at the time of the collision.

No opposition.

**Ruling:** This motion is **GRANTED**.

8. Evidence that there existed any source from which plaintiff did obtain, could have obtained, or could in the future obtain governmental, free, subsidized or reduced cost or charitable services, funds or benefits.

Defendant objects to this motion to the extent that plaintiff is seeking to prohibit defendant from presenting evidence at trial that it paid plaintiff's medical bills.

**Ruling:** This motion is **GRANTED in part, DENIED in part**. Again, the Court refers defendant to the Court's January 14, 2008 Order (Doc. No. 81) in which the Court ruled that defendant could not provide evidence relating to its payment of plaintiff's medical expenses if defendant identifies the source of payment at trial. Therefore, to the extent that defendant seeks to introduce evidence at trial that someone other than plaintiff paid plaintiff's medical bills, plaintiff's motion is DENIED. However, to the extent, defendant seeks to introduce evidence at trial that defendant H.O. Wolding paid plaintiff's medical bills, plaintiff's motion is GRANTED.

9. Evidence of when plaintiff first consulted with counsel, or when suit was filed, or the reasons why suit has been filed.

No opposition.

**Ruling:** This motion is **GRANTED**.

10. Evidence of settlement offers or offers to compromise by any party should be excluded.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

11. Any argument or evidence that non-economic damages should be reduced to present value, or evidence or argument as to the return upon any certain amount of money, or similar annuity argument, should be excluded.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

12. Evidence that any judgment rendered in this case is not subject to income taxes.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

13. There should be no suggestion that any judgment rendered in this cause might adversely affect the members of the jury, or any other reference appealing to the self-interest of the jury.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

14. There should be no evidence, mention, or argument concerning whether any money which the jury may award could be invested, or the return on that investment, or whether an annuity or similar device could be purchased.

   No opposition.

   **Ruling:** This motion is **GRANTED**.

15. Defense counsel should be prohibited from suggesting to the jury that an adverse inference be drawn from plaintiffs' failure to call any person designated as an expert witness.

   Defendant responds that it does not necessarily object to plaintiff's motion on this

issue. However, defendant argues that if plaintiff fails to present live medical testimony at

trial, defendant will argue that because plaintiff failed to present such medical testimony, plaintiff has failed to meet his burden of proof relating to his damages for personal injury.

**Ruling:** This motion is **PROVISIONALLY DENIED**. Plaintiff may object at trial if improper inferences or arguments are being made to the jury.

16. Any reference to the type or practice which plaintiffs' counsel has, or comments which are disparaging of counsel, or which impugns plaintiffs or plaintiff's counsel for seeking redress in the courts, either specifically or as a class, should be excluded.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

17. The parties should be precluded from making objections or otherwise presenting arguments to the Court in the presence of the jury.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

18. Defendants should be precluded from calling any retained or non-retained expert witness in that defendants have failed to disclose any such additional witnesses.

    Defendant objects to the extent that plaintiff is seeking to exclude the expert opinion testimony of William Crooks as he was properly disclosed pursuant to Fed. R. Civ. P. 26.

    **Ruling:** This motion is **DENIED** to the extent that plaintiff is seeking to exclude the expert opinion testimony of Mr. Crooks. The Court finds that defendant properly disclosed Mr. Crooks during discovery. Plaintiff did not identify which witnesses defendant failed to disclose or which witnesses plaintiff was seeking to exclude. Thus, the Court will not rule further on this issue.

19. Defendant should be precluded from eliciting opinion testimony from lay witnesses.

    No opposition.

**Ruling:** This motion is **GRANTED**.

20. That there be no evidence, mention, or argument concerning plaintiff's driving record.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

21. That there be no evidence, mention, or argument concerning whether the Ford F-750 was safe or a defectively designed vehicle.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

Accordingly, for the foregoing reasons, plaintiff's motion in limine is **GRANTED in Part**, **DENIED in Part** (Doc. No. 73).

**Defendant's Motion in Limine (Doc. No. 74)**

1. Plaintiff should not be able to present evidence regarding his alleged arm, shoulder, and ankle injuries

    Defendant argues plaintiff never mentioned right shoulder, arm, or ankle injuries until plaintiff's deposition. Defendant states that since the deposition, plaintiff had not done anything to indicate that he is pursuing a claim for damages for these alleged injuries, such as filing supplemental disclosures. As a result of plaintiff not disclosing these alleged injuries, defendant states it has done no discovery concerning these injuries. Further, defendant claims that the medical records produced during discovery do not support plaintiff's claims of arm/shoulder or ankle injuries.

    Plaintiff responds that it clearly informed defendant of these injuries in his deposition and that defendant had ample time thereafter to conduct any additional discovery that was desired.

**Ruling:** This motion is **DENIED**. It is up to the jury to decide whether plaintiff's alleged arm, shoulder, and ankle injuries are supported by the evidence presented at trial. The Court agrees with plaintiff that defendant had notice of these alleged injuries from plaintiff's deposition.

2. Plaintiff should not be able to present evidence regarding carpal tunnel syndrome.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

3. Plaintiff should be prohibited from testifying regarding the number of times his vehicle rolled over as result of the accident.

    No opposition.

    **Ruling:** This motion is **GRANTED**.

4. Plaintiff should be prohibited from offering the opinions/conclusions of the Missouri State Highway Patrol.

    Plaintiff does not object to defendant's motion on this issue, but states that plaintiff should not be precluded from having the officer testify concerning his observations at the accident.

    **Ruling:** This motion is **GRANTED**. The Court agrees, however, that the officer may testify concerning his observations as a witness in relation to the accident.

5. Plaintiff should not be allowed to offer opinions regarding his medical condition and injuries.

    Plaintiff does not object to defendant's motion on this issue, but states that plaintiff should not be precluded from testifying about his own observations concerning his injuries.

    **Ruling:** This motion is **GRANTED**. The Court agrees, however, that plaintiff may provide his own observations concerning his injuries.

6. Pursuant to a prior Court Order (Doc. No. 48), plaintiff is barred from claiming lost wages and an inability to work.

Plaintiff does not object to defendant's motion on this issue regarding testimony at trial. However, plaintiff argues that voir dire on this issue should be permitted so that plaintiff may find out which potential jurors have received injuries from auto accidents that resulted in the inability to work or lost wages.

**Ruling:** This motion is **GRANTED**. The Court will defer ruling on the issue regarding whether potential jurors will be asked in voir dire if they received injuries from auto accidents that resulted in lost wages.

7. Plaintiff should not be able to present evidence concerning alleged property damage.

Defendant states that plaintiff's petition does not include a claim for property damages. Plaintiff had requested leave to file an amended petition to include a claim for property damages on August 7, 2007 (Doc. No. 43). The Court granted plaintiff's motion for leave to file the amended petition to include his property damage claim on August 27, 2007 (Doc. No. 49). The Court had ordered plaintiff to file its amended petition with the Court by Wednesday, August 29, 2007. However, plaintiff fail to file his amended petition by the deadline or any date thereafter. Thus, defendant requests that plaintiff should not be able to present evidence concerning property damages at trial.

Plaintiff responds that it was plaintiff's belief that the Court's granting of plaintiff's motion was sufficient and that plaintiff did not have to file the amended petition with the Court by August 29, 2007.

**Ruling:** This motion is **GRANTED**. While the Court granted plaintiff's motion for

8

leave to amend his petition on August 27, 2007, plaintiff failed to file the amended petition by the specified deadline in the Court Order (Doc. No. 49). Plaintiff did not request an extension of this deadline nor did plaintiff file the amended petition anytime thereafter. The Court does not take lightly a party's neglect in following a Court's Order. The Court also notes that plaintiff's initial motion for leave was filed one month out of time, but the Court still granted plaintiff's motion for leave and allowed plaintiff to amend his petition.[1] All plaintiff had to do was promptly file his amended petition by the August 29, 2007 deadline. Therefore, the Court will not reward plaintiff's neglect by allowing plaintiff to pursue his property damage claims at trial.

8. Plaintiff should not be able to mention or present evidence concerning the fact that Defendant had insurance.

No opposition.

**Ruling:** This motion is **GRANTED**.

Accordingly, for the foregoing reasons, defendant's motion in limine (Doc. No. 74) is **GRANTED in Part**, **DENIED in Part**.

**IT IS SO ORDERED.**

Date:  2/8/08                                              **S/ FERNANDO J. GAITAN, JR.**
Kansas City, Missouri                                      Fernando J. Gaitan, Jr.
                                                           Chief United States District Judge

---

[1] Per the Court's Scheduling Order (Doc. No. 15), the deadline for the parties' motion to amend pleadings was July 2, 2007. Plaintiff filed his motion to amend his Complaint on August 7, 2007 (Doc. No. 43). Thus, plaintiff's motion was filed at least one month out of time.

9