# IN THE UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF MISSOURI
# SOUTHWESTERN DIVISION

ELMER JURL CONNELLY, )
                Plaintiff, )
)
vs. ) No. 06-5129-CV-SW-FJG
)
H.O. WOLDING, INC., )
                Defendant. )

## ORDER

Currently pending before the Court is Defendant's Motion for Order for a Credit Against Any Judgment Rendered in Favor of Plaintiff (Doc. No. 93); Plaintiff's Motion to Enforce Settlement (Doc. No. 105); and Plaintiff's Motion for Sanctions (Doc. No. 105). On April 8, 2008, the jury rendered a verdict in this matter in favor of plaintiff and awarded damages in the amount of $375,000 (Doc. No. 103). On April 8, 2008, the Court entered judgment in favor of plaintiff pursuant to the jury's verdict (Doc. No. 98). Defendant seeks a credit against the $375,000 judgment for medical bills totaling $18,121.30 that it paid to plaintiff's medical providers. Under Mo. Rev. Stat. § 490.710(2), defendant is entitled to a credit for any advance payments made to pay for plaintiff's damages such as medical expenses. See House v. Missouri Pac. R.R., 927 S.W.2d 538 (Mo. App. 1996)(stating that Mo. Rev. Stat. § 490.710 specifically provides for a set-off of medical expenses).

Plaintiff opposes defendant's motion for order for a setoff against the judgment for any medical bills paid. Plaintiff objects because defendant failed to plead payment of medical bills in its affirmative defenses. Plaintiff argues that defendant was required

to plead payment of medical bills as an affirmative defense under Fed. R. Civ. P. 8(c). Plaintiff also argues he will be irreversibly prejudiced if evidence of payment of the medical bills is submitted to the court or jury because discovery closed when defendant paid the medical bills and plaintiff had no way of determining if payment was negotiated in good faith.

Additionally, prior to the jury's verdict, the parties reached a high-low agreement whereby the parties agreed that plaintiff would receive a minimum of $75,000 if the jury's verdict was less than $75,000 and a maximum of $500,000 if the jury's verdict was in excess of that amount. Plaintiff claims that under this agreement, defendant agreed to waive its right to seek a credit against the judgment for payment of plaintiff's medical bills. The Court made a record of the high-low agreement at the jury instruction conference held on April 8, 2008. The transcript of this proceeding reads as follows:

> Mr. Smith: Plaintiff agrees to the high/low agreement. It's 75 low, 480 high, and I think that also takes care of our post-trial issues. And the 75 is new money.
>
> Mr. McMonigle: Yeah, the 75,000 would be new money in addition to the medicals that have been advanced, and on the high end it would be 480,000, which essentially takes care of the credit.

(Plaintiff's Exhibit 1, Doc. No. 106-2).

Because of the above statements made on the record at the jury instruction conference regarding the parties' high-low agreement, plaintiff contends that defendant agreed it would no longer be seeking a credit and that the agreement resolved the credit issue between the parties. Plaintiff is also seeking to enforce the high-low agreement between the parties which allegedly waives defendant's right to seek a credit. Further,

2

plaintiff is asking this Court to enter sanctions against defendant for failure to satisfy the Court's judgment and follow the parties' agreement.

Defendant responded to plaintiff's arguments by stating that there was never any agreement that defendant would no longer seek a credit if the verdict fell in between $75,000 and $480,000, which occurred here. Defendant claims the only agreement made is that the minimum plaintiff would receive was $75,000 in "new money" and not more than $480,000. Thus, defendant contends the credit issue still remains.

The Court finds that the high-low agreement recorded during the jury instruction conference did not state defendant was not entitled to credit for medical expenses paid to plaintiff's providers. The Court agrees with defendant that the record does not represent an agreement that defendant would waive its right to seek a credit. The record also does not reflect an agreement of what happens to the credit if the verdict falls in between $75,000 and $480,000. Thus, the Court concludes that defendant's motion for credit still remains an issue.

Upon consideration of defendant's motion for credit, the Court finds defendant is entitled to credit against the judgment rendered in favor of plaintiff in the amount of $18,121.30 for medical expenses defendant paid to plaintiff's medical providers prior to trial. The Court is unconvinced by plaintiff's arguments. Plaintiff offered almost no support that advance payment of medical expenses must be pleaded as an affirmative defense under Fed. R. Civ. P. 8(c). The Court found no statute or case support for plaintiff's proposition that advance payment of damages must be pled as an affirmative defense. The cases that plaintiff cited to the Court dealt with specific statutes, such as the

Federal Tort Claims Act which contains different rules for these issues, and that did not involve the application of § 490.710.

Further, § 490.710 specifically provides that advance payment or partial payment of damages shall not be admissible in evidence. Thus, it must follow that if the drafters of this statute intended for such claims to be pled as an affirmative defense, defendants would also be entitled to present evidence of such to the jury. However, § 490.710 specifically prohibits introduction of advance payment of medical expenses. Under § 490.710, the introduction into evidence of one party's advance payment of another party's damages is "generally precluded and thus, such evidence should not be brought to the attention of the jury." Ruzicka v. Ryder Student Transportation, 145 S.W.3d 1, 17 (Mo. App. 2004). Also, § 490.715 allows evidence to be introduced that informs the jury that someone other than the plaintiff has paid those amounts as long as the person paying the amounts is not identified. § 490.715(2). Defendant did not present any evidence at trial that anyone other than plaintiff paid his medical bills. Thus, defendant is entitled to a credit against the judgment.

Additionally, plaintiff's primary concern with defendant seeking a credit against the verdict was if the jury only awarded special damages, which would have included plaintiff's medical bills; thus leaving plaintiff with no damages after defendant's credit is subtracted. However, this did not occur as the jury awarded plaintiff $375,000. The Court will not allow plaintiff to seek double recovery by denying defendant a credit against the judgment for medical expenses already paid.

4

Accordingly, for the foregoing reasons, the Court hereby **GRANTS** Defendant's Motion for Order for a Credit Against Any Judgment Rendered in Favor of Plaintiff (Doc. No. 93). The Judgment rendered in favor of plaintiff in the amount of $375,000 on April 8, 2008 is hereby credited in the amount of $18,121.30 for medical expenses defendant paid to plaintiff's medical providers. Because the Court finds that defendant is entitled to a credit against the judgment and that the high-low agreement did not waive defendant's right to seek a credit, the Court hereby **DENIES** Plaintiff's Motion to Enforce Settlement (Doc. No. 105) and Plaintiff's Motion for Sanctions (Doc. No. 105).[1]

**IT IS SO ORDERED.**

Date: 4/25/08
Kansas City, Missouri

**S/ FERNANDO J. GAITAN, JR.**
Fernando J. Gaitan, Jr.
Chief United States District Judge

---

[1] Defendant has no made factual misrepresentations to the Court nor has defendant disobeyed a Court order. Thus, sanctions are certainly inappropriate against defendant.